IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISON

| | |
|---|---|
| CRITERION MUSIC CORP., M L E MUSIC, and CARLY SIMON dba C'EST MUSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL CITY TOP DAWG TAVERN, L.L.C. and BRETT A. SUMMERS,<br><br>Defendants. | Civil Action No.: 3:23-cv-02502-SAL<br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Capital City Top Dawg Tavern, L.L.C. ("CCTDT") is a limited liability company organized under the laws of the State of South Carolina.

6. At all times hereinafter mentioned, CCTDT did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Top Dawg Tavern, located at 498 Town Center Place, Suite 1, Columbia, South Carolina 29229.

7. Musical compositions were and are publicly performed at Top Dawg Tavern.

8. On information and belief, defendant Brett A. Summers ("Summers" and, together with CCTDT, the "Defendants") is an individual that resides and/or does business in this District.

9. At all times hereinafter mentioned, Summers was, and still is, a managing member, officer, director, and/or owner of CCTDT.

10. At all times hereinafter mentioned, Summers was, and still is, responsible for the control, management, operation, and maintenance of the affairs of CCTDT.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Top Dawg Tavern, including the right and ability to supervise and control the public performance of

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Top Dawg Tavern.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Top Dawg Tavern. ASCAP's representatives have attempted to contact Defendants by mail, email, phone, and in person.

16. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Top Dawg Tavern constitute copyright infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for Top Dawg Tavern

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Top Dawg Tavern including the copyrighted works involved in this action, without permission,

during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The compositions named in cause of action 1 and 3 were registered as unpublished compositions on the date stated in Column 5.

20. The composition named in cause of action 2 was published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The compositions named in cause of action 1 and 3 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyright in the names of the claimants listed in Column 7. The dates and identification numbers of such certificate is set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Top Dawg Tavern, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Top Dawg Tavern of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized:

neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25.   In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs rights.

26.   The many unauthorized performances at Top Dawg Tavern include the performances of the three copyrighted musical compositions upon which this action is based.

27.   At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28.   The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.   That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Top Dawg Tavern, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.   That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

                Respectfully submitted,

                WYCHE P.A.

                <u>s/ Meliah Bowers Jefferson</u>
                Wallace K. Lightsey (Fed. Bar No. 1037)
                Meliah Bowers Jefferson (Fed. Bar No. 10118)
                200 East Broad Street, Suite 400
                Post Office Box 728
                Greenville, SC 29602-0278
                Telephone: (864) 242-8200
                Telecopier: (864) 235-8900
                E-Mail:     wlightsey@wyche.com
                                    mjefferson@wyche.com

Dated: June 6, 2023
Greenville, South Carolina